**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH COCKRELL, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

NAVIENT LLC, a Delaware corporation; DOES, 1 through 10, inclusive; NAVIENT SOLUTIONS, LLC, a Delaware limited liability company,

Defendants - Appellees.

No. 25-4222

D.C. No.
8:24-cv-01780-JVS-JDE

MEMORANDUM*

CALEB ANTHONY, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

NAVIENT LLC, a Delaware corporation; NAVIENT SOLUTIONS, LLC, a Delaware limited liability company,

Defendants - Appellees,

and

No. 25-4772

D.C. No.
2:24-cv-09600-AH-AS

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DOES 1-10, inclusive,

Defendant.

Appeals from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding
Anne Hwang, District Judge, Presiding

Argued and Submitted October 21, 2026
Pasadena, California

Before: BUMATAY, VANDYKE, and MENDOZA, JR., Circuit Judges.

Joseph Cockrell and Caleb Anthony ("Plaintiffs") brought two putative class action suits against Navient LLC and Navient Solutions, LLC ("Navient"), which were consolidated for appeal. Navient serviced Plaintiffs' federal student loans, which were expressly subject to the terms of the Higher Education Act of 1965 ("HEA"), Pub. L. No. 89-329, 79 Stat. 1219. Plaintiffs claim that Navient "unilaterally placed" their loans into administrative forbearance and immediately capitalized accrued interest after missed payments. The district courts dismissed both lawsuits under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Among other findings, the district courts held that 20 U.S.C. § 1098 expressly preempts these claims. We agree.

"A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. We also review *de novo* a district court's application of preemption principles." *R.J. Reynolds Tobacco Co. v. Cnty. of Los*

*Angeles*, 29 F.4th 542, 552 (9th Cir. 2022) (simplified). "On a motion to dismiss, we accept the allegations of the complaint as true." *Scheibe v. ProSupps USA, LLC*, 141 F.4th 1094, 1097 (9th Cir. 2025). "Express preemption is a question of statutory construction, requiring a court to look to the plain wording of the statute and surrounding statutory framework to determine whether Congress intended to preempt state law." *Jones v. Google LLC*, 73 F.4th 636, 641 (9th Cir. 2023).

The HEA provides that "[l]oans made, insured, or guaranteed pursuant to a program authorized by [the HEA] shall not be subject to any disclosure requirements of any State law." 20 U.S.C. § 1098g. We addressed the preemptive effect of § 1098g in *Chae v. SLM Corp.*, 593 F.3d 936, 942 (9th Cir. 2010). We held that preemption applies to certain "misrepresentation claims" because they were effectively "improper-disclosure claims," challenging the way the loan servicer "communicate[d] with the plaintiffs about its practices." *Id.* at 942–43. And we considered a "state-law prohibition on misrepresenting a business practice [a]s merely the converse of a state-law requirement that alternate disclosures be made." *Id.* at 943 (simplified). In response, the *Chae* plaintiffs asserted that "they d[id] not seek specific disclosures, but merely s[ought] to stop [the loan servicer] from fraudulently and deceptively misleading borrowers through the written documents." *Id.* We rejected this response, noting that "preemption cannot be avoided simply by relabeling an otherwise-preempted claim." *Id.* Thus, § 1098g bars state-law claims

based on "improper disclosures"—no matter if they are "restyled" as other claims. *Id.*

As in *Chae*, Plaintiffs claims are restyled improper-disclosure claims. Each claim predicates on Navient's failure to comply with the HEA's mandatory disclosure obligations. Plaintiffs' complaint is replete with references to Navient acting "without further explanation," without "notice," and without "inform[ing Plaintiffs]." As Plaintiffs' opening brief confirms, the heart of their claims is that "Navient unilaterally placed their loans into 'administrative forbearance,' [and] that Navient did so retroactively." To act unilaterally and retroactively is to act without proper advance notice. Thus, these allegations all show that Plaintiffs claims are based on improper disclosures, which are preempted by the HEA.

**AFFIRMED.**